**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 17 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

vs.

DOMINIC HARRIS BIGGS,

    Defendant - Appellant.

No. 02-2076
(D.C. No. CR-00-1469 LH)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **BALDOCK**, and **KELLY**, Circuit Judges.[**]

Defendant-Appellant Dominic Harris Biggs appeals his convictions for

assault with a dangerous weapon (Count I) and assault resulting in serious bodily

injury (Count II) on an Indian reservation in violation of 18 U.S.C. §§113(a)(3)

and (a)(6). He was sentenced to 108 months imprisonment on each count to be

served concurrently and three years supervised release on each count to be served

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The case is therefore ordered submitted without oral argument.

concurrently. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Mr. Biggs contends that the evidence produced at trial is insufficient to support his convictions. We review his sufficiency claim de novo. United States v. Ivy, 83 F.3d 1266, 1284 (10th Cir. 1996). In doing so, we examine the evidence in a light most favorable to the government to determine whether a reasonable jury could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1978). Thus, "[i]n order to conclude the evidence was insufficient, as a matter of law, to support a conviction, we must find that no reasonable juror could have reached the disputed verdict." United States v. Owens, 70 F.3d 1118, 1126 (10th Cir. 1995). We will not hold that testimony is, as a matter of law, incredible unless it is "unbelievable on its face, i.e., testimony as to facts that [the witness] physically could not have possibly observed or events that could not have occurred under the laws of nature." Tapia v. Tansy, 926 F.2d 1554, 1562 (10th Cir. 1991) (citation omitted). Otherwise, "our function as a court of review prevents us from re-weighing the testimony and coming to a conclusion at odds with the one reached by the [trier of fact]." United States v. Higgins, 282 F.3d 1261, 1275 (10th Cir. 2002).

Applying this standard, we conclude the evidence is sufficient to support the jury's verdict. Mr. Biggs claims that he acted in self-defense and that,

because two of the witnesses (the victim and the victim's wife) were admittedly intoxicated, Aplt. Br. at 5-8, and a third witness (the victim's wife's son) was a "scared" 13 year-old who was not wearing his glasses at the time of the incident, Aplt. Br. at 9-10, the testimony of these witnesses is insufficient to support his conviction. We reject this argument for two reasons. First, to the extent Mr. Biggs' challenge depends upon the witnesses' lack of credibility (due to intoxication, minority, or nearsightedness), his argument fails, for this court will not evaluate witness credibility when considering a sufficiency of the evidence appeal. United States v. McKissick, 204 F.3d 1282, 1289 (10th Cir. 2000). Mr. Biggs had the opportunity to cross-examine these witnesses and bring their purported lack of credibility before the jury; "we may neither weigh conflicting evidence nor consider the credibility of witnesses." United States v. Pappert, 112 F.3d 1073, 1077 (10th Cir. 1997) (citation omitted).

Second, a review of the record in the light most favorable to the verdict leads us to believe that the government presented sufficient evidence to sustain Mr. Biggs' convictions and to rebut his assertion of self-defense. The three primary witnesses–including the victim himself–offered testimony that Mr. Biggs stabbed the victim during a fight. Trial Tr. at 219-21, 299-301, 351-52, 375. Testifying in his own behalf, Mr. Biggs admitted that he (allegedly inadvertently) stabbed the victim, Trial Tr. at 510, but claims he was defending himself, id. at

528-29. The jury, however, rejected Mr. Biggs' assertion of self-defense, and was free to consider, <u>inter alia</u>, Mr. Biggs' own admission that he cannot explain the wound on the back of the victim's shoulder and his improbable account of the fight generally. Trial Tr. at 523-24, 528-29. The jury's verdict, then, is supported by sufficient evidence.

Accordingly, we AFFIRM Mr. Biggs' convictions.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge